FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

2017 FEB 22 PM 2:43

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| Diana Norman | Civil Action No: |
|---|---|
| Plaintiff, | |
| | COMPLAINT |
| | Case No: 6:17-CV-304-ORL-28-DCI |
| -v.- | |
| Alltran Financial, LP d/b/a United Recovery Systems, LP | |
| Defendant. | |

Plaintiff Diana Norman ("Plaintiff" or "Norman") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant United Recovery Systems, LP ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of Florida, County of Osceola, residing at 4457 Cherry Branch Court, Kissimmee, Florida 34758.

3. Defendant is a debt collector with an address 5800 North Course Drive, Houston, Texas 77072.

4. Alltran Financial, LP d/b/a United Recovery Systems, LP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around February 23, 2016, Defendant sent a collection letter to Plaintiff.

11. The letter stated "Department Store National Bank, will report forgiveness of debt as required by IRS regulations."

12. This statement is both false and deceptive as there are many factors which make up the requirement to file a 1099C. (See Good v. Nationwide Credit, Inc., finding that the

statement "American express is required to file a form 1099C with the Internal Revenue Service for any canceled debt of $600 or more. Please consult your tax advisor concerning any tax questions," is not true and does not accurately reflect the relevant law. The court also found that the statement's invocation of the IRS was deceptive and materially misleading.)

13. This letter does not indicate how much of the current debt is interest and how much is principal.

14. The letter fails to disclose to consumers that there is a distinction between principal and interest in regards to IRS requirements.

15. Even the most sophisticated tax professional cannot issue an opinion without this information and it only acts to overshadow the settlement offer.

16. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

19. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Diana Norman demands judgment from the Alltran Financial, LP d/b/a United Recovery Systems, LP, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
February 17, 2017

/s/ Michael Jay Ringelheim
**RC Law Group, PLLC**
By: Michael Jay Ringelheim
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 Ext. 254
Fax: (201) 282-6501